ROBERT W. RAINWATER, Oregon State Bar No. 084489
Email: rrainwater@rainwaterlaw.org
Rainwater Law Group
1327 SE Tacoma Street
Portland, Oregon 97202
Telephone: (971) 271-7566
Fax: (503) 231-8276

Attorney for Defendant
MARK DOUGLAS GILL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:14-cr-00275-JO |
| Plaintiff, | MOTION IN LIMINE |
| v. | DATE: November 14, 2014<br>TIME: 10:30 am |
| **MARK DOUGLAS GILL** | DEPARTMENT: 10A<br>Honorable Robert E. Jones |
| Defendants. | |

TO:   S. AMANDA MARSHALL, UNITED STATES ATTORNEY, AND LEAH BOLSTAD, ASSISSTANT UNITED STATES ATTORNEY:

**I.   BACKGOUND**

    **A.   Charges.**

On July 14, 2014, a two-count indictment was filed in this case. The indictment charged Mr. Gill with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1)

Gill Motion in Limine                             1

and 846 [Count One] and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [Count Two]; it also included a criminal forfeiture – drug offense allegation. It is alleged that Count One occurred beginning in January 2014 and continuing through June 19, 2014 and that Count Two occurred on or about June 18 and 19, 2014.

### B. Search of Mr. Gill's residence

On June 17, 2013, United States Magistrate Judge Paul Papak issued a warrant for the search of Mr. Gill's person and his residence at 787 Cedar Street, Fairview, Oregon. Officer's of the Multnomah County Sheriff's Office executed the warrant and searched Mr. Gill's residence at 3:00 am on June 19, 2014.

During the search of the house the officer found, among other items, the following: 1) three cell phones in the northwest bedroom; 2) one cell phone in the northeast bedroom; 3) what appeared to be methamphetamine in a safe on the bed in the northeast bedroom; and 4) two baggies with what appeared to be methamphetamine from a purse belonging to Reanna Erickson, who was at the residence at the time of the search, in the northwest bedroom.

After the search the police interrogated Mr. Gill about their findings in his residence. The police allege in their report that Mr. Gill told them he had purchased the methamphetamine found in Ms. Erickson's purse and that he gave it to her.

II. ARGUMENT

    A.    **Use of text messages recovered from either Mr. Gills or Ms. Erickson's cell phones taken during the search of Mr. Gill's residence are inadmissible as they are hearsay and violate Mr. Gill right to confront witness pursuant to the Sixth Amendment to the United States Constitution.**

The government has informed counsel during discussions that they intend to use the contents of Mr. Gill's cell phone, specifically the text messages located on it, to prove Count One of the indictment at trial, i.e., to prove the truth of the conspiracy charge. Mr. Gill moves to exclude the messages as hearsay pursuant to the Federal Rules of Evidence, Rules 801 and 802 and as a violation of his right to confront and cross-examine witness. See United States Constitution Sixth Amendment; *State v. Causey*, 256 Ore. App. 151, 154-55 (2014).

    B.    **Mr. Gill moves to exclude from evidence any mention of any alleged gang affiliations by Mr. Gill or others at trial.**

In the affidavit for the search warrant numerous mentions are made regarding gang members and their associates. Also, when interviewing Mr. Gill about the witness-tampering allegations contained in the affidavit for the search warrant numerous mentions of gangs, gang members and their associates were made. Mr. Gill moves the court for an order that no mention of gangs or their members be introduced into evidence without a prior hearing and that the government caution its witnesses not to mention such evidence. Federal Rules of Evidence, Rule 403.

In *Kennedy v. Lockyer*, 379 F.3d 1041, 1055-56 (9th Cir. 2004) the Court stated that "[o]ur cases make it clear that, "evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error. Evidence of gang membership may not be introduced, as it was here, to prove intent or culpability. *See Mitchell v. Prunty*, 107 F.3d 1337,

1342-43 (9th Cir. 1997), *cert. denied*, 522 U.S. 913, 139 L. Ed. 2d 227, 118 S. Ct. 295 (1997) (reversing the conviction and holding that evidence of membership in a gang cannot serve as proof of intent, because, while someone may be an 'evil person' that is not enough to make him guilty under California law), *overruled on other grounds by Santamaria v. Horsley*, 133 F.3d 1242, 1248 (9th Cir. 1998); *see also United States v. Garcia*, 151 F.3d 1243, 1244-46 (9th Cir. 1998) (reversing the conviction and stating that it would be contrary to the fundamental principles of our justice system to find a defendant guilty on the basis of associating with gang members). In this regard, we have stated that testimony regarding gang membership 'creates a risk that the jury will [probably] equate gang membership with the charged crimes.' *United States v. Hankey*, 203 F.3d 1160, 1170 (9th Cir. 2000) (internal quotations and citations omitted). We further stated that where, as here, 'gang' evidence is proffered to prove a substantive element of the crime (and not for impeachment purposes), it would likely be 'unduly prejudicial.' *Id*. In sum, the use of gang membership evidence to imply 'guilt by association' is impermissible and prejudicial. *Garcia,* 151 F.3d at 1246. Given this clear direction from the Ninth Circuit, this Court should exclude any "gang" evidence in this case and order the government to caution its witnesses not to mention "gang" evidence during their testimony before the jury.

### III. Conclusion.

For the reasons stated, Mr. Gill asks the Court issue an order excluding from evidence any of the text messages taking from the cell phones recovered during the search of Mr. Gill's residence. The court should also order that the government not introduce into evidence any evidence of gang affiliation and to caution its witnesses against making such a reference in front of the jury.

RESPECTFULLY SUBMITTED this 12th day of November 2014.

s/ Robert W. Rainwater
Robert W. Rainwater
OSB # 084489
(971) 271-7566
Attorney for Defendant
Mark Douglas Gill
