ROBERT W. RAINWATER, Oregon State Bar No. 084489
Email: rrainwater@rainwaterlaw.org
Rainwater Law Group
1327 SE Tacoma Street
Portland, Oregon 97202
Telephone: (971) 271-7566
Fax: (503) 231-8276

Attorney for Defendant
MARK DOUGLAS GILL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:14-cr-00275-JO |
| Plaintiff, | DEFENDANT'S PROPOSED JURY INSTRUCITONS |
| v. | DATE: November 18, 2014 |
| **MARK DOUGLAS GILL** | TIME: 9:00 am |
| | DEPARTMENT: 10A |
| Defendants. | Honorable Robert E. Jones |

TO:   S. AMANDA MARSHALL, UNITED STATES ATTORNEY, AND LEAH BOLSTAD, ASSISSTANT UNITED STATES ATTORNEY:

The defendant, Mark Douglas Gill, respectfully requests that the Court include in its

standard charge to the jury the following instructions found in the *Ninth Circuit Manuel of Jury*

*Instructions, Criminal* (2010 Edition, with updates to June 2014) and defendant's special

instructions listed below

Gill – Proposed jury Instructions -1

1. 9th Circuit: Duties of Jury to find facts and follow the law § 3.1.

2. 9th Circuit: The Charge Against Defendant not evidence – Presumption of innocence – Burden of Proof § 3.2.

3. 9th Circuit: Defendant's decision not to testify § 3.3.

4. 9th Circuit: Defendant's decision to testify §3.4.

5. 9th Circuit: Reasonable Doubt – Defined § 3.5.

6. 9th Circuit: What is Evidence § 3.6.

7. 9th Circuit: What is not Evidence § 3.7.

8. 9th Circuit: Direct and Circumstantial Evidence § 3.8

9. 9th Circuit: Credibility of Witnesses § 3.9.

10. 9th Circuit: Activities Not Charged § 3.10.

11. 9th Circuit: Separate Consideration of Multiple Counts – Single Defendant § 3.11.

12. 9th Circuit: Possession – Defined § 3.17.

13. 9th Circuit: Statements by Defendant § 4.1.

14. 9th Circuit: Impeachment, Prior Conviction of Defendant § 4.6.

15. 9th Circuit: Duty to deliberate § 7.1.

16. 9th Circuit: Controlled Substance – Possession with intent to distribute § 9.15.

17. 9th Circuit: Determining Amount of Controlled Substance § 9.16.

18. 9th Circuit (as modified): Controlled Substance – Conspiracy to Distribute § 9.19

19. Defendant Special Instruction 1: Conspiracy – Buyer-Seller Relationships.

Mr. Gill reserves the right to request additional instruction based on the evidence that is adduced at trial.

RESPECTFULLY SUBMITTED this 12th day of November 2014.

<div style="margin-left:auto; width:50%">

s/ Robert W. Rainwater
Robert W. Rainwater
OSB # 084489
(971) 271-7566
Attorney for Defendant
Mark Douglas Gill

</div>

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 1


**3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

      Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

      It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

      You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.


Ninth Circuit Manual of Model Jury Instructions
Criminal § 3.1 (2010 Edition)

GIVEN_____

REFUSED_____

MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 2

### 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charge[s].  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

Ninth Circuit Manual of Model Jury Instructions
Criminal § 3.2 (2010 Edition)

GIVEN_____

REFUSED_____

MODIFIIED_____

2

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 3

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.3 (2010 Edition)

REFUSED_____

MODIFIIED_____

3

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 4


### 3.4 DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.4 (2010 Edition)

REFUSED_____

MODIFIIED_____

4

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 5


### 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.


Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.5 (2010 Edition)

                                                         REFUSED_____

                                                         MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 6

## 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness; [and]

(2)    the exhibits received in evidence[.] [; and]

[(3)    any facts to which the parties have agreed.]

Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.6 (2010 Edition)

                                                                                   REFUSED_____

                                                                                   MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 7


### 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.7 (2010 Edition)

                                                         REFUSED_____

                                                         MODIFIIED_____

7

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 8


### 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


Ninth Circuit Manual of Model Jury Instructions
Criminal § 3.8 (2010 Edition)

GIVEN_____

REFUSED_____

MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 9

## 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Jury Instructions             GIVEN_____
Criminal § 3.9 (2010 Edition)

                                                                              REFUSED_____

                                                                              MODIFIIED_____

9

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 10

### 3.10 ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Manual of Model Jury Instructions        GIVEN_____
Criminal § 3.10 (2010 Edition)

REFUSED_____

MODIFIIED_____

10

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 11


## 3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT


A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.


Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.11 (2010 Edition)

REFUSED_____

MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 12


### 3.17 POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 3.17 (2010 Edition)

REFUSED_____

MODIFIIED_____

12

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 13

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Manual of Model Jury Instructions        GIVEN_____
Criminal § 4.1 (2010 Edition)

REFUSED_____

MODIFIIED_____

13

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 14


### 4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Manual of Model Jury Instructions
Criminal § 4.6 (2010 Edition)

GIVEN_____

REFUSED_____

MODIFIIED_____

14

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 15

## 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Manual of Model Jury Instructions          GIVEN_____
Criminal § 7.1 (2010 Edition)

REFUSED_____

MODIFIIED_____

15

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 16

**9.15 CONTROLLED SUBSTANCE—
POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))**

The defendant is charged in Count Two of the indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

Ninth Circuit Manual of Model Jury Instructions
Criminal § 9.14 (2010 Edition) (as modified)

GIVEN_____

REFUSED_____

MODIFIIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 17

### 9.16 DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

      If you find the defendant guilty of the charge in Count One of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine equaled or exceeded 50 grams or more. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

      The government does not have to prove that the defendant knew the quantity of methamphetamine.

Ninth Circuit Manual of Model Jury Instructions
Criminal § 9.16 (2010 Edition) (as Modified)

GIVEN_____

REFUSED_____

MODIFIED_____

DEFENDANT MARK GILL'S
JURY INSTRUCTION NO. 18

**9.19 CONTROLLED SUBSTANCE—**
**CONSPIRACY TO DISTRIBUTE OR MANUFACTURE**
**(21 U.S.C. §§ 841(a) and 846)**

The defendant is charged in Count One of the indictment with conspiracy to distribute methamphetamine in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 2014 and ending on or about June 19, 2014, there was an agreement between two or more persons to distribute methamphetamine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Manual of Model Jury Instructions
Criminal § 9.19 (2010 Edition) (as Modified)

GIVEN_____

REFUSED_____

MODIFIED_____

19

DEFENDANT MARK GILL'S
SPECIAL JURY INSTRUCTION NO. 1

**CONSPIRACY - BUYER-SELLER RELATIONSHIPS**

Buyer-seller relationships do not qualify as conspiracies. A conspiracy to distribute drugs or possess drugs with intent to distribute requires more than simply an agreement to exchange money for drugs which the seller knows will be resold.

In order to establish that a defendant knowingly conspired to distribute drugs or possess drugs with the intent to distribute a person from whom the defendant sold drugs, the government must prove that, in addition to agreeing to sell drugs, the defendant further agreed to participate with the buyer in an arrangement involving mutual dependence, cooperation or assistance in distributing drugs. Such an agreement may be proved by evidence showing sales on credit, in which the buyer is permitted to pay for all or part of the drugs after the drugs have been re-sold, coupled with other evidence showing mutual cooperation and an ongoing arrangement between the defendant and the buyer.

*United States v.* Brown, 726 F.3d 993, 1003 (7th Cir. 2013)

*United States v. Lennick*, 18 F.3d 814, 819 (9th Cir. 1994)

Defendant's Special Instruction 1:                    GIVEN_____

                                                      REFUSED_____

                                                      MODIFIED_____