S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for the United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-CR-00275-JO |
| v. | GOVERNMENT'S NOTICE OF INTENT TO DENY IMMUNITY |
| MARK DOUGLAS GILL, | |
| Defendant. | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Leah K. Bolstad, Assistant United States Attorney, hereby provides notice that if the defense calls witness Rea Erickson to testify, and if Ms. Erickson pleads the Fifth Amendment, the government will not grant her use immunity.

### BACKGROUND

On Friday November 14, 2014, this Court held a pretrial conference.  When asked who he intended to call as witnesses, defense counsel refused to provide names and would say only that the witnesses were two individuals present on the day of the search warrant at defendant's residence (June 19, 2014).  There were at least 5 adults inside the residence, as well as several other adults who arrived at or were seen around defendant's residence in the midnight hours of June 18-19.  On the first day of trial, during opening statements, defendant identified for the jury

the two defense witnesses he intended to call: (1) Rea Erickson and (2) David Witte. As to Ms. Erickson, defense counsel previewed that she would testify that all the drugs belonged to her, and suggested other testimony that would, if believed, completely exculpate defendant Mark Gill. Ms. Erickson is not charged as a defendant in this case, and at the time of this investigation, she was not referred for state prosecution. As of day one of trial, Ms. Erickson did not appear to have legal counsel.

At the end of day one of trial, the government raised this issue for the Court. The government explained that if Ms. Erickson were to testify consistently with defense counsel's preview, her statements would tend be self-incriminating. The government suggested that it would be appropriate for Ms. Erickson to have counsel appointed who could advise her of her rights. The government offered to help find and secure counsel. Thanks to the after-hours assistance from the panel office with the Federal Public Defender's Office, a defense attorney was secured last night – Benjamin T. Andersen.

The government apprised Mr. Andersen of the relevant facts and sent him Government Exhibits 26, 27, 28, and 29 – text messages from Ms. Erickson's phone admitted by this Court as co-conspirator statements. These text messages show that Ms. Erickson was actively involved with Mr. Gill in buying and selling methamphetamine. She purchased quarter-pound (~ 112 g) quantities from a source named "DJ." *See* Govt. Exh. 26. According to lead case agent Joshua Zwick, the "DJ" in those conversations is one "DJ Probasco" who is a known methamphetamine dealer. In his post-arrest statements, defendant Mark Gill identified DJ Probasco as one of his (Gill's) sources of supply for methamphetamine. Moreover, DJ Probasco was federally indicted in 2014 for Possession with the Intent to Distribute Methamphetamine (3:14-CR-258-SI). On October 28, 2014, DJ Probasco pled guilty to that drug-distribution offense (3:14-CR-258-SI, Docket CR 17).

**Government's Notice of Intent to Deny Immunity**                                          **Page 2**

If called to testify on behalf of defendant, Ms. Erickson would no doubt be asked what these text messages mean. Additionally, the discovery in this case includes over <u>300 pages</u> of Ms. Erickson's cell phone evidence, most of which involves drug talk text messages where she communicates with dozens of customers and her several sources of supply (see *Bates* pages 211-530). In these texts, she negotiates prices, fields customer orders for "balls," "T"s, "half," "the usual." She negotiates with her sources who tell her, "So if I can do you for two grand do you want four" and "At my price 7500 for a full." Ms. Erickson replies, "I gotta check to see in the morning if my friend still needed that much." (see *Bates* page 355). In a very clear text, a customer asks her **"I'll trade u 300$ of food stamps for a 8 ball."** (Bates page 317, message #930). Can she explain these messages away without incriminating herself or committing perjury? The answer is no.

If advised about these realities by legal counsel, it is therefore likely that Ms. Erickson will plead the Fifth Amendment. If she does assert her right to not incriminate herself under oath, the Court will likely inquire about whether the government will grant her use immunity. The answer is no.

## DISCUSSION

The Ninth Circuit's *Westerdahl* test, originating in *United States v. Westerdahl*, 945 F.2d 1083, 1087 (9th Cir. 1991), is set out in *United States v. Straub*, 538 F.3d 1147 (9th Cir. 2008):

> We now hold that for a defendant to compel use immunity the defendant must show that: (1) the defense witness's testimony was relevant; and (2) either (a) the prosecution intentionally caused the defense witness to invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have

>directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial.

*Straub, id.* at 1162 (emphasis added).

>[T]he defendant must show that "the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial."

*Id.*

There is no question as to the relevance of Ms. Erickson's anticipated testimony as to who possessed the drugs and what her text messages mean. As to the second prong of the *Westerdahl* test, defendant cannot make the requisite showing. This is <u>not</u> a case in which the government granted any of its witnesses immunity, and thus there is no unfairness in denying that same immunity to proposed defense witnesses who offer contradictory testimony. *See Straub*, 538 F.3d 1147 (explaining that "where two eyewitnesses tell conflicting stories, and only the witness testifying for the government is granted immunity, the defendant would be denied any semblance of a fair trial").

More to the point in this case, there is no evidence the government is attempting to distort the fact-finding process. As described above in the fact section, the facts speak for themselves. Ms. Erickson is a drug dealer. She is up to her neck in incriminating evidence putting her squarely in this drug-trafficking conspiracy. Some of the best evidence against Mr. Gill comes from Ms. Erickson's co-conspirator statements. Although not indicted, she is certainly culpable as a co-conspirator.

If anything, the defendant is trying to distort the fact-finding process by calling this woman as a defense witness. Mr. Gill would like Ms. Erickson to come in and "take the fall" for

**Government's Notice of Intent to Deny Immunity** **Page 4**

his crimes, and he'd like her to be able to do this without repercussion, thus triggering the immunity question. This defense strategy is not surprising; it is consistent with the witness tampering investigation wherein agents learned Mr. Gill was involved in finding and tampering with witnesses – he has no respect for the judicial process. If allowed to call Ms. Erickson as an immunized <u>defense witness,</u> then it would be the defense who is distorting the fact-finding process. Moreover, the defense would be suborning perjury in the process. The Court should not allow this to happen. The government will not grant immunity for this witness to come take the fall.

DATED this 19th day of November 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney